```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

CHARLES E. HAYNES, individually
and as personal representative of
the estate of Bradlee Nathan
Haynes, deceased,

    Plaintiff,

v.                             Civil Action No. 2:17-cv-04017

SERGIY GREBINNYK, an individual,
and SAFINA INC., a North Carolina
Corporation,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is plaintiff Charles E. Haynes' motion to file under seal the petition for approval of a wrongful death settlement and of distribution of the proceeds, filed March 9, 2018.

Haynes instituted this action in the Circuit Court of Jackson County, West Virginia, on August 30, 2017. Pursuant to West Virginia Code § 55-7-5 et seq., Haynes alleged that the negligence of defendants Sergiy Grebinnyk and Safina Inc. ("Safina" and, together, "Defendants") resulted in the wrongful death of his son. (See Compl. ¶ 26.) Defendants removed the case to this court on September 21, 2017, invoking the court's diversity jurisdiction conferred by 28 U.S.C. §§ 1332(a)(1), 1441(a). (See Notice of Removal ¶¶ 7-16.)

The Local Rules of Procedure for the Southern District of West Virginia provide that

> [t]he rule requiring public inspection of court documents is necessary to allow interested parties to judge the court's work product in the cases assigned to it. The rule may be abrogated only in exceptional circumstances.

Local R. P. 26.4(c)(1); accord Columbus-Am. Discovery Grp. v. Atlantic Mut. Ins. Co., 203 F.3d 291, 303 (4th Cir. 2000) ("Publicity of [court] records . . . is necessary in the long run so that the public can judge the product of the courts in a given case."). A motion to seal must be accompanied by a memorandum of law containing

> (A) the reasons why sealing is necessary, including the reasons why alternatives to sealing, such as redaction, are inadequate;
>
> (B) the requested duration of the proposed seal; and
>
> (C) a discussion of the propriety of sealing, giving due regard to the parameters of the common law and First Amendment rights of access as interpreted by the Supreme Court and our Court of Appeals.

Id. 26.4(c)(2)(A)-(B).

Both the common law and the First Amendment bear on the right of public access to court documents. Price v. Tuggle, No. 2:16-1529, 2016 U.S. Dist. LEXIS 98618, at *3 (S.D. W. Va. July 28, 2016). For present purposes, the court presumes that only the common law is implicated. See Hall v. Beverly Enters. – W. Va., No. 2:10-0842, 2010 U.S. Dist. LEXIS 123680, at *2

(S.D. W. Va. Nov. 19, 2010) (making this presumption for a motion to seal a wrongful death settlement while noting that excluding the First Amendment "is not a foregone conclusion"). The common law

> presumes a right of the public to inspect and copy "all 'judicial records and documents.'" <u>Stone v. Univ. of Md. Med. Sys. Corp.</u>, 855 F.2d 178, 180 (4th Cir. 1988) (quoting <u>Nixon v. Warner Commc'ns, Inc.</u>, 435 U.S. 589, 597, 55 L. Ed. 2d 570, 98 S. Ct. 1306 (1978)). "This presumption of access, however, can be rebutted if countervailing interests heavily outweigh the public interests in access," and "the party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." <u>Rushford v. New Yorker Magazine</u>, 846 F.2d 249, 253 (4th Cir. 1988). . . . Ultimately, under the common law the decision whether to grant or restrict access to judicial records or documents is a matter of a district court's "supervisory power[]" . . . "to be exercised in light of the relevant facts and circumstances of the particular case." <u>Nixon</u>, 435 U.S. at 598-99.

<u>Va. Dep't of State Police v. Wash. Post</u>, 386 F.3d 567, 575 (4th Cir. 2004) (first and third full citations added).

West Virginia Code § 55-7-7 "specifically contemplates court approval" of wrongful death settlements. <u>Stone v. CSX Transp., Inc.</u>, 10 F. Supp. 2d 602, 604 (S.D. W. Va. 1998); <u>see also</u> <u>Estate of Postlewait ex rel. Postlewait v. Oh. Valley Med. Ctr., Inc.</u>, 214 W. Va. 668, 674 (2003). Haynes argues that the petition for settlement approval here, filed provisionally under seal alongside the pending motion, should be sealed because "the parties have agreed to keep the terms of the settlement

3

confidential" and because the privacy interests of minor children, whose identities, addresses, and proposed settlement shares are identified in the petition, warrant filing the petition under seal. (Mem. Supp. 2.) Haynes contends that "[alt]hough this information could be redacted, the Court needs to be aware of the settlement terms, beneficiaries, and proposed distribution in order to distribute the proceeds as it may find to be fair and just under [section] 55-7-6." (Id.) Haynes requests that the petition remain under seal indefinitely. (Id.) Defendants agree that the petition should be sealed. (Id.)

The court finds that Haynes has failed to show any significant interest that heavily outweighs the common law presumption of public access. As earlier noted, West Virginia Code § 55-7-7 mandates court approval – and thus publication – of wrongful death settlements. "It is essentially impossible for the public to judge the approval process in a given wrongful death case, however, if the terms of the settlement . . . are not spread upon the public record." Hall, 2010 U.S. Dist. LEXIS 123680, at *6. Furthermore, Haynes has not invoked any significant interest warranting redaction other than a vague "privacy interest[] of minor children;" Haynes has not cited any

authority, nor has he explained how any harm will result by publication of the settlement terms.

Accordingly, based upon the foregoing, the court ORDERS as follows:

1. That Haynes' motion to file under seal the petition for approval of a wrongful death settlement and of distribution of the proceeds be, and hereby is, denied, and

2. That the petition be, and hereby is, unsealed and spread upon the public record.

The Clerk is directed to transmit copies of this order to all counsel of record and to any unrepresented parties.

                                        ENTER: April 3, 2018

                                        John T. Copenhaver, Jr.
                                        United States District Judge